Singh Padwal v. Sessions

BIA
Loprest, IJ
A201 109 343

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand eighteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

HARINDER PAL SINGH PADWAL,
*Petitioner,*

v.                                                    17-1200
                                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Terri J.
                         Scadron, Assistant Director; Colin
                         J. Tucker, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harinder Pal Singh Padwal, a native and citizen of India, seeks review of a March 30, 2017, decision of the BIA affirming a June 28, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harinder Pal Singh Padwal,* No. A201 109 343 (B.I.A. Mar. 30, 2017), *aff'g* No. A201 109 343 (Immig. Ct. N.Y. City June 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the burden finding the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Padwal was not credible as to his claim that police and Congress Party members attacked him on three occasions in India on account of his membership in the Shiromani Akali Dal (Amritsar) ("SAD(A)") Party.

The agency reasonably relied in part on Padwal's demeanor, noting that his testimony about past harm was vague even when he was asked for explicit details, and that he was evasive and unresponsive at other times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of

3

demeanor); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for incidental details . . . ."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). The demeanor finding is supported by the record, which reflects that Padwal was asked to provide an exact description of the attacks he suffered, but never could provide much detail. And there are numerous instances of Padwal testifying evasively or unresponsively to avoid answers that would damage his claim.

The demeanor finding and overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably relied on Padwal's inconsistent statements at his border interview, credible fear interview, and hearing regarding whether police detained and beat him in an attempt to locate one of his friends or on account of his political activities. Padwal also made inconsistent statements regarding his employment in India and his ability to safely relocate in India.

4

Padwal did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Furthermore, contrary to his contention, the agency did not err in finding the records of his border and credible fear interviews reliable. *See Ming Zhang v. Holder*, 585 F.3d 715, 721-22 (2d Cir. 2009).

The agency also reasonably questioned the credibility of Padwal's claim given that his knowledge of the platform of his political party changed between his credible fear interview and his hearing. At his credible fear interview, Padwal was aware that the party advocated for an independent Sikh state, but when asked about the term "Khalistan," which is the name of that state, he had never heard of it. By the time he testified at his hearing, he was aware of the term. Although the agency may err in basing a credibility finding on an applicant's lack of doctrinal knowledge, there are "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal

5

knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding." *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Because formation of Khalistan is the primary platform of Padwal's political party and he claimed to have put up posters and attended rallies for his party, the agency did not err in questioning his credibility based on his failure to recognize the name. *See id.*

Having questioned Padwal's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably found that Padwal's country conditions evidence did not corroborate his testimony that Congress Party members targeted him and other members of the SAD(A) party in an effort to convert Sikhs to Hinduism. We find no error in the agency's decision to afford limited weight to certain documentary evidence that was not

6

accompanied by certificates of translation, that was unavailable in original after being stolen, or that was prepared by authors who were not available for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that determination of the weight of evidence is largely a matter of agency discretion); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given Padwal's demeanor, inconsistent statements, and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Padwal's argument, the credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe
                                        Clerk of Court